Freire, Demandante y Apelado, *v.* Quintero y The National Surety Company, Demandados y Apelante el Primero.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre daños y perjuicios.

Moción del demandante y apelado para que se desestime la apelación.

No. 1335.—Resuelto en julio 30, 1915.

Apelación—Parte Agraviada por la Sentencia.—De acuerdo con la ley, artículo 294 del Código de Enjuiciamiento Civil, sólo puede apelar contra una resolución judicial, la parte agraviada por dicha resolución.

Sentencia—Exclusión de Demandados—Parte Agraviada.—Cuando un juez, al dictar su sentencia, excluye de los efectos de ésta a una parte demandada, no la agravia con sus pronunciamientos.

Apelación—Interés Moral en una Sentencia—Apelación por una Parte no Agraviada.—El interés moral que pueda tener un demandado en la sentencia que se dicte en el caso, no es el interés que la ley y la jurisprudencia requieren para que una persona no condenada expresamente por la sentencia pueda establecer contra ésta recurso de apelación.

Prueba Contradictoria—Apreciación de las Pruebas—Pasión, Prejuicio o Parcialidad o Manifiesto Error—Apelación Frívola.—Cuando se trata de un caso de evidencia contradictoria en que el único fundamento de impug-

nación de la sentencia es el de error en la apreciación de las pruebas, sin
que se demuestre que el juez de distrito actuara movido por pasión, prejuicio
o parcialidad o que cometiera algún error manifiesto, la apelación es frívola.

Los hechos están expresados en la opinión.

Abogados del demandado Juan Quintero: *Sres. Rafael
López Landrón* y *Juan Gregory.*

Abogados del apelado: *Sres. E. Ramírez Nadal* y *Pascasio
Fajardo.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

El presente es un caso sobre daños y perjuicios. La de-
manda se entabló ante la Corte de Distrito de Mayagüez con-
tra Juan Quintero y The National Surety Company en recla-
mación de $1,467.00. Juan Quintero es un notario que ejerce
su profesión en Mayagüez y The National Surety Company
una corporación que fió al notario garantizando el fiel cum-
plimiento de los deberes de su cargo. En la demanda se alega
que el demandante creyendo que ciertas firmas habían sido
puestas, como aparecía de la faz de los documentos, por deter-
minada persona ante el notario Quintero, prestó varias canti-
dades de dinero que luego no pudo recobrar porque resultó
que las firmas no habían sido puestas ante el dicho notario,
como el notario aseguraba. Celebrado el juicio, la prueba
fué contradictoria y el juez decidió el conflicto en favor del
demandante y dictó sentencia condenando únicamente a la
fiadora The National Surety Company.

El demandado Quintero sin hacer gestión alguna para
que se le incluyera en la sentencia y sin exponer los hechos
por virtud de los cuales se consideraba como parte agraviada
por la misma, apeló de ella para ante este tribunal en cuya
secretaría se archivó la transcripción de los autos el 25 de
mayo de 1915.

Así las cosas, el apelado presentó una moción para que se
desestimara el recurso, por no haber el apelante archivado
su alegato dentro del término que las reglas de esta corte le
concede y por ser frívola la apelación. A la vista de la mo-

ción acudieron los abogados representantes del demandante Freire y del demandado Quintero.

Al estudiar los autos para decidir las cuestiones planteadas por el apelado, advertimos lo dicho anteriormente, a saber; que la apelación se había interpuesto por una persona no condenada por la sentencia.

De acuerdo con la ley, art. 294 del Código de Enjuiciamiento Civil, sólo puede apelar contra una resolución judicial la parte agraviada por dicha resolución. No importa que el Notario Quintero fuera parte demandada en el pleito en el cual se dictó la sentencia apelada. Cuando el juez dictó la sentencia, lo excluyó de sus efectos, y, por tanto, no lo agravió con sus pronunciamientos. No se nos oculta el interés moral que pueda tener el demandado Quintero en la sentencia de que se trata, pero tal interés no es el que la ley y la jurisprudencia requieren para que una persona no condenada expresamente por la sentencia, pueda establecer contra ella recurso de apelación. Véase 2 R. C. L. 31, 32, 33, 34 y 35.

Por virtud de lo expuesto, es necesario concluir que la apelación debe desestimarse. Esto no obstante deseamos consignar que también hubiéramos llegado a igual conclusión en el caso de resolver por sus méritos la moción del apelado. A nuestro juicio la apelación es frívola. Se trata de un caso de evidencia contradictoria y el único motivo de impugnación de la sentencia es en verdad el de error en la apreciación de las pruebas, sin que se demuestre que el juez de distrito actuara movido por pasión, prejuicio o parcialidad o cometiera algún error manifiesto. La jurisprudencia de este Tribunal en casos de tal naturaleza es tan repetida y constante, que bien puede calificarse de frívola una apelación que sólo podría prosperar en el caso de que esta corte desautorizara sus anteriores decisiones.

Debe desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.